AEX v. ALLEN.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. MECHANIC'S LIEN—SUIT TO ENFORCE—ISSUES TRIABLE—PERFORMANCE AFTER SUIT.

Where, in a suit to enforce a mechanic's lien, defendant alleged nonperformance by plaintiff, and the referee found that, at the time of filing the notice of lien, plaintiff had not substantially performed the contract on his part, and plaintiff had filed no supplemental complaint, it was not competent for the referee to render a personal judgment for plaintiff on the ground that since the commencement of the action plaintiff had fulfilled his contract.

**2. SAME—PERSONAL JUDGMENT—FAILURE TO ESTABLISH CLAIM.**

    The provision of the mechanic's lien statute authorizing a personal judgment in certain cases where a lien is not established does not authorize the rendition of a personal judgment where the lien claimant has failed to establish his claim by reason of nonperformance of the contract.

    McLennan, P. J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Peter Aex against Oscar Allen. From the judgment rendered, both parties appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

A. C. Olp, for appellant.

J. M. Hastings, for respondent.

STOVER, J. The plaintiff alleged a cause of action arising under the mechanic's lien law, and the defendant alleged that the plaintiff did not perform on his part the building contract, and that he neglected to substantially comply with the terms of the contract, plans, and specifications under which the work was to be done. The referee found that at the time of filing the notice of lien the plaintiff had not substantially performed the contract on his part, in that the roof of the building was defective and leaked in many places, and did not comply with the conditions of the contract. He also found that since the commencement of the action the roof had been relaid, and made to comply with the conditions of the contract. He also found that the defendant was entitled to a deduction by reason of defective work and material used in the construction to the extent of $145, and that those defects were not substantial ones, and did not pervade or impair the whole structure. He found as a conclusion of law that the plaintiff had failed to establish a valid mechanic's lien against the building; but under the statute which permits a personal judgment, he struck a balance between the parties, and directed judgment against the defendant for $465.52.

We think that this judgment is erroneous. The case comes up on the judgment roll and the case and exceptions, and does not contain all the evidence in the case, but we think sufficient appears to show the errors committed by the referee. The reference was to determine the issues under the pleadings, and the case should have been determined under the pleadings.

It appears from the case that the referee took evidence, under objection, as to the work that was done after the commencement of the action. This was entirely unauthorized. The defendant was entitled to have the issue tried as of the time when the action was commenced, and, without a supplemental complaint, the acts and transactions transpiring after the commencement of the action could not be gone into. That was material and not unimportant. The defendant had a right to rely upon the allegations of the answer that prior to the commencement of the action the work had not been properly performed, and under such a pleading he could not be required to meet proof that subsequent to the commence-

ment of the action the contract had been fulfilled.   The referee was without power to try such an issue.   It would seem that the referee recognized to some extent the force of the position, for he has found that the plaintiff had failed to substantially perform his contract, and that he was not entitled to a mechanic's lien; but he has undertaken to adjust all of the differences between the parties by the allowance of claims on either side.   It may be that he has arrived at a fair conclusion, and possibly his solution may be correct, but the case presented was not one of arbitration, but one to be tried under the rules of practice and procedure.

Some discussion is had as to the application of the statute which permits a personal judgment in cases of this kind, but it would seem that the reasonable interpretation of the statute would be that in case the plaintiff established a valid claim, but for some reason such claim could not be equitably or legally enforced as a lien against the property, he should not for that reason fail, but should still have his judgment against whoever was personally liable to pay it.   But it was not intended to apply to a case in which the plaintiff failed to establish his claim by reason of the nonperformance of the contract on his part.   The judgment in this case is practically a finding that the plaintiff at the time of the commencement of the action had no claim, by reason of the nonperformance of the contract, and yet by reason of the facts since transpiring he is entitled to some claim against the defendant.   The statute which permits a personal judgment where for some reason the filing of the claim is invalid, for the purpose of protecting the lien, is not broad enough to cover the case under consideration, for, if we are correct in our views above stated, plaintiff has no claim, either personal or otherwise, which can be enforced in this action; and it is a plain proposition, that the plaintiff's claim failing by reason of its nonperformance, there is nothing which he can enforce, and therefore nothing which can be a lien upon any property.   The statute was probably intended to avoid a retrial of issues where it was plain that a judgment could be entered which would protect the rights of the parties; and it appearing in such an action that the party had a valid claim, but for some reason it was not a lien upon the property described, he should not be compelled to retry the issue, but his right should be adjudicated in that action.   It was not intended that he should have a judgment based upon any new principle of law, or without showing upon his part full performance of the contract.

We think that the referee decided the case upon an erroneous principle of law.   It may be possible, however, upon a retrial of the case, to present the issues in such shape that they may be properly disposed of, and we therefore think the judgment should be reversed, and a new trial granted, with costs to abide event.

Judgment reversed and new trial ordered, with costs to abide the event, upon questions of law only; the facts having been examined, and no error found therein.   All concur, except McLENNAN, P. J., who dissents.